UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07612-WLH-CTS | Date | September 2, 2026 |
| Title | ***Craig Stoker v. Blue Origin Washington, LLC et al*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [11]**

The Court is in receipt of Plaintiff Craig Stoker's Motion to Remand (the "Motion"). (Mot., Dkt. No. 11). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 8 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 11, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff filed the instant action on November 27, 2023, in the Superior Court of California, County of Los Angeles against Defendants Blue Origin Washington, LLC Kevin Lunde ("Lunde"), and Does 1 – 100, inclusive (collectively, "Defendants"). (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserted causes of action for: (1) Violation of Labor Code § 1102.5, et seq., (2) Violation of Cal. Labor

Code § 232.5, (3) Violation of Labor Code § 6310, (4) Discrimination on the Basis of Sex and Gender, (5) Hostile Work Environment/Harassment on the Basis of Gender/Sex, (6) Retaliation for Engaging in Protected Activity, (7) Failure to Prevent Discrimination, Harassment, and/or Retaliation, (8) Breach of Express Oral Contract Not to Terminate Employment Without Good Cause, (9) Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause, (10) Negligent Hiring, Supervision, and Retention, (11) Wrongful Termination of Employment in Violation of Public Policy, and (12) Intentional Infliction of Emotional Distress. (Notice, Ex. 1(a)(1), Compl. ¶¶ 71-142).

Plaintiff filed an amended complaint on October 22, 2024, identifying Blue, Inc. as the "true name" of the defendant initially sued as "Doe 1." (Notice at 3). Defendants Blue Origin Washington, LLC, formerly Blue Origin, LLC, and Blue, Inc. (collectively "Blue Origin") removed this case over a year after the Complaint was filed on the basis of diversity jurisdiction, contending that Individual Defendant Lunde's citizenship must be disregarded because he was fraudulently joined. (*Id*. at 4). Individual Defendant Lunde is a resident of the State of California and is alleged to engaged in unlawful conduct as to Plaintiff's sex and gender harassment and intentional infliction of emotional distress claims. (*Id*. at 3). Blue Origin removed the action within 30 days of Plaintiff's sworn testimony on June 24, 2026, contending that the sworn testimony establishes that Individual Defendant Lunde did not engage in conduct that supported individual liability for sex and gender harassment or intentional infliction of emotional distress. (*Id*. at 7-8). Plaintiff filed the instant Motion to Remand on August 6, 2026. (Mot., Dkt. No. 11). On August 21, 2026, Blue (Opp'n, Dkt. No. 13), and Plaintiff replied to the Opposition on August 28, 2026. (Reply, Dkt. No. 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## II. LEGAL STANDARD

There are three different "deadlines" for removal which might apply to this case. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

Beyond those two thirty-day removal deadlines, a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "But in that last scenario, the defendant has no more than one year from 'the commencement of the action' to file a timely removal notice." *Iniquez v. Ford Motor Co.*, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)).

A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125. At the same time,

"neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.*

## III. DISCUSSION

Plaintiff moves for remand arguing that: (1) Blue Origin's removal is untimely; (2) Blue Origin cannot show that Plaintiff acted in bad faith in order to prevent a Blue Origin from removing the action; (3) Blue Origin cannot demonstrate that complete diversity exists because Individual Defendant Lunde is a sham defendant; and (4) Blue Origin cannot cure the purported deficiencies by amended the complaint. (*See generally*, Mot.). Plaintiff seeks attorney's fees of $15,500.00 incurred as a result of Blue Origin's alleged improper removal. (Mot. at 22). For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### A. Removal was Untimely

The parties dispute whether the Notice of Removal was timely filed. Plaintiff argues that removal was untimely, because the Blue Origin failed to remove the case within thirty days of being served the Complaint. (Mot. at 3). Blue Origin, on the other hand, maintains removal was timely and it is entitled to the second thirty-day removal period, because Plaintiff's sworn testimony constitutes "other paper" from which fraudulent joinder—and therefore removability—was first ascertained and the notice of removal was filed within thirty days of Plaintiff's sworn testimony. (Opp'n at 2). Specifically, Blue Origin argues "Plaintiff's deposition testimony was the first litigation event revealing that Plaintiff lacked a factual basis to pursue the only claims that could support individual liability against Lunde." (*Id.*).

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "In the Ninth Circuit,

a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (*citing Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989)).

Here, the Court must address whether the second statutory window is available where removal is based on a theory of fraudulent joinder. Courts in this district have addressed this question with similar facts where a plaintiff's deposition testimony indicated that the claims against the sole nondiverse defendant were unsubstantiated. The district courts concluded that the defendant's removal was untimely because "a notice of removal alleging fraudulent joinder must be filed within § 1446(b)'s first thirty-day removal period." *Tapia v. Sterigenics US, LLC*, 2018 WL 3689159 (C.D. Cal. Aug. 1, 2018) (*citing Verduzco v. Ford Motor Co.*, 2013 WL 6053833, at *2-*3 (E.D. Cal. Nov. 15, 2013); *see also Rollins v. Fresenius USA, Inc.*, 2014 WL 462822 JGB, at *5 (C.D.Cal. Feb. 4, 2014) ("[T]here is no support for the claim that removal on the basis of fraudulent joinder is possible outside of the initial 30–day limit imposed by § 1446(b)(1)"); *Verduzco v. Ford Motor Co.*, CV No. 13–01437, 2013 WL 6053833 LJO, at *2 (E.D.Cal. Nov. 15, 2013) ("Ninth Circuit precedent strongly suggests that fraudulent joinder should be measured at the time a complaint is filed."). "The second removal window is inapplicable because 'fraudulent' joinder should not be confused with joinder of a nondiverse party against whom a plaintiff's claims are ultimately revealed to be fatally weak or otherwise unsubstantiated." *Flores v. ABM Indus. Groups, LLC*, 2018 WL 6428026, at *2 (C.D. Cal. Dec. 7, 2018). "Either the complaint states a claim that possibly may be cognizable against the purported sham defendant or it does not. It is not

necessary to wait until the fraudulently joined defendant has tested the claims against it." *Simpson v. Union Pacific Railroad Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003). The Court therefore concludes that removal was untimely and remand is appropriate.

**B. Attorney's Fees**

Blue Origin argues that Plaintiff is not entitled to attorney's fees because Blue Origin had an objectively reasonable basis for removal and Plaintiff fails to provide billing records, time entries, or task descriptions to support the reasonableness of the fees. The Court disagrees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

Here, there was no objectively reasonable basis for removal, because a removal based on a theory of fraudulent joinder must be filed in Section 1446(b)'s first thirty-day removal period. Furthermore, based upon its review of the billing records and estimates submitted to support the amount of its request, the Court finds the amount requested both reasonable and directly related to the baseless removal (*see* Declaration of William Reed ¶ 69; *see* also Declaration of Anna Levine-Gronningsater ¶ 6). Plaintiff's counsel, declares under penalty of perjury, the hours incurred and estimates to review Blue Origin's Opposition and draft a Reply. (*Id*). Plaintiff's counsel also provides descriptions of work performed and does not seek attorney's fees for all hours incurred. (*Id*). In addition, Anna Levine-Gronningsater's hourly rate of $950 was approved in the matter of *Jane Doe v. Yeezy, LLC et al.* (Case No. 25STCV03802) in 2025. (Declaration of Anna Levine-Gronningsater ¶ 4). Because the last court approved rate for William Reed's hourly rate was $1,000 in the matter of *Pinter-Brown v. Regents* (LASC Case No.

BC 624 838) two years ago, the Court will apply that same Court approved rate. (Declaration of William Reed ¶ 66). The Court therefore GRANTS Plaintiff's request for attorney's fees for only $14,500.

The Court accordingly **GRANTS in part and DENIES in part** Plaintiff's request for attorney's fees and **ORDERS** Defendant's counsel or Defendant to make payment to Plaintiff's counsel within 30 days of this Order.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED.** This case is hereby **REMANDED** to the Superior Court of California, County of Los Angeles. The Clerk is **INSTRUCTED** to administratively close the case and vacate all pending deadlines. The Clerk shall transmit a certified copy of this Order to the Superior Court of California, County of Los Angeles forthwith.

**IT IS SO ORDERED.**